IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KYLE THOMAS HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-149-WKW |
| ) | [WO] |
| ELMORE COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Kyle Thomas Harper, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Elmore Correctional Facility. In his complaint, which was filed on February 20, 2025, Plaintiff "agree[d] to provide the Clerk's Office with any changes to [his] address where case-related papers may be served" and further acknowledged that his "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (Doc. # 1 at 5.) Contemporaneously with the initiation of his complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) However, he did not file the required documentation from his detention facility's inmate account clerk showing his average monthly balance and average deposits to his inmate account over the six months immediately preceding the filing of his complaint. Thus,

on March 25, 2025, Plaintiff was ordered to file the required documentation by April 8, 2025, and warned that a failure to comply ultimately would result in dismissal of his action. (Doc. # 3.) The March 25 Order was not returned to the court.

When Plaintiff failed to comply with the March 25 Order, a second Order was entered on April 15, 2025, giving Plaintiff one more opportunity—until April 29, 2025—to file the required documentation. (Doc. # 4.) Plaintiff was cautioned that, if he did not file the required documentation by the April 29 deadline, his case would be dismissed without further notice. (Doc. # 4.) The March 25 Order was returned to the court as undeliverable. Handwritten on the envelope, in red ink, was the notation: "return to sender"/"released." (Doc. # 5.)

To date, Plaintiff has not filed an account statement or otherwise responded to the court's directives. Plaintiff also has failed to notify the court of his change of address.

Because Plaintiff has failed to prosecute this action and comply with the court's orders, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S.

626, 629–30 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id*.  It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630–31.  Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice.  *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 6th day of May, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE